## THOMAS ET AL. *v.* PATTON ET AL.

### No. 7174.

EVIDENCE.—*Insufficiency of, to Sustain Verdict.*—*Replevin.*—Upon the trial of an action to recover the possession of personal property levied upon under an execution in favor of the defendant, and against the father of the

plaintiffs, one of the plaintiffs testified, in substance, as to the ownership of a certain horse so levied on, that it was purchased by him and his co-plaintiff with their own means, and independent of their father's business, and that it had never been owned by any other member of their family; and this evidence was uncontradicted.   Verdict for defendants.

*Held,* that the verdict was not sustained by sufficient evidence.

From the La Porte Circuit Court.

*L. A. Cole* and *C. H. Truesdell,* for appellants.

*J. Bradley* and *J. H. Bradley,* for appellees.

NIBLACK, C. J.—William L. Thomas and John M. Thomas brought this action against Davidson Patton and Edward Hawkins, to recover the possession of certain personal property, consisting of growing crops on the farm of one Sarah Ingram, and of two lumber wagons, two brown horses, one brown mare, one sorrel mare, two bay mares and two sets of double harness.

A jury returned a verdict for the plaintiffs for the growing crops, and for the defendants as to the remainder of the property.

The plaintiffs moved for a new trial, alleging the insufficiency of the evidence to sustain the verdict, but their motion was overruled, and judgment followed in accordance with the verdict.

The plaintiffs have appealed, and assigned error only upon the overruling of their motion for a new trial.

It was made to appear at the trial, that the property in controversy had been levied upon by the defendant Hawkins, as sheriff of La Porte county, under an execution in favor of his co-defendant, Patton, and against one Elias C. Thomas, the father of the plaintiffs, upon the theory that such property, though nominally in the possession of the plaintiffs, was really the property of the said Elias. It was also made to appear that most of the property, other than the growing crops, had formerly belonged to the said Elias, and that the plaintiffs claimed to have pur-

chased so much of such property as had so formerly belonged to him, the said Elias, through the intervention of a third person, who had held a chattel mortgage upon that and other property.

William L. Thomas, one of the plaintiffs, testified that one of the brown horses, mentioned in the complaint, was purchased by him and his co-plaintiff of one White, with their own means and independently of any connection with their said father's business, and had never been owned by any other member of their family, nor had it been included in said mortgage.

This was, in substance, all the evidence given concerning the ownership of the horse thus referred to, and nothing else was either offered or admitted in any manner conflicting with that evidence ; nor was the credibility of the witness, William L. Thomas, in any respect impeached.

The question presented, therefore, is, was the verdict as to this particular horse sustained by sufficient evidence ?

We think it was not. We know of no principle upon which we could hold that it was.

So far as we can see, no question of the mere weight of evidence as to this horse was properly before the jury, and no such question is presented to us by the record. The case appears to us rather to have been one in which the verdict was simply and plainly against the evidence.

We need not and do not express any opinion as to the evidence in respect to the other property in controversy.

The judgment is reversed, with costs, and the cause remanded for a new trial.